IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

SAMUEL RASHAD GLOVER, #240049, )
)
    Petitioner, )
)
v. ) CASE NO. 1:09-CV-670-MEF
) [WO]
)
J. C. GILES, et al., )
)
    Respondents. )

# RECOMMENDATION OF THE MAGISTRATE JUDGE

## I.  INTRODUCTION AND PROCEDURAL HISTORY

This case is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed by Samuel Rashad Glover ["Glover"], a state inmate, on July 8, 2009.[1]  In this petition, Glover challenges a conviction for third degree robbery imposed upon him pursuant to his guilty plea by the Circuit Court of Houston County, Alabama on August 15, 2006.  On this same date, the trial court sentenced Glover as a habitual offender to twenty-two years imprisonment.  Glover did not properly file a direct appeal of this robbery

---

[1] The Clerk stamped the habeas petition "received" on July 17, 2009.  Documents filed simultaneously with the petition indicate Glover initially placed the petition in the prison mail system on July 8, 2009.  *Application for Leave to Proceed In Forma Paupers - Court Doc. No. 2* at 2.  The law is well settled that a *pro se* inmate's petition is deemed filed the date it is delivered to prison officials for mailing.  *Houston v. Lack,* 487 U.S. 266, 271-272 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993).  Glover, however, failed to sign the petition and the Clerk returned the requisite page of the petition to Glover for his signature.  Glover signed the petition on July 21, 2009 and immediately returned the signature page to the court.  Under the circumstances of this case and for purposes of this Recommendation, the court considers July 8, 2009, as the date of filing as this is the earliest filing date available to Glover.

conviction as he failed to respond to an order of the Alabama Court of Criminal Appeals requiring that he (i) certify specific issues reserved for review prior to entry of his guilty plea, and/or (ii) present evidence showing he timely filed a motion to withdraw his guilty plea. *See Respondents' Exhibit 2 (September 19, 2006 Order of the Alabama Court of Criminal Appeals) - Court Doc. No. 13-2*. Glover's third degree robbery conviction therefore became final by operation of law on October 3, 2006.

Pursuant to the orders of this court, the respondents filed an answer in which they argue that the instant federal habeas petition is barred by the one-year period of limitation applicable to 28 U.S.C. § 2254 petitions. *See* 28 U.S.C. § 2244(d)(1).[2] The respondents contend that because Glover's third degree robbery conviction became final in 2006 -- after the effective date of the statute of limitations -- Glover must have filed his § 2254 petition within a year of this conviction becoming final, exclusive of the time that any properly filed state post-conviction action related to the conviction remained pending in the state courts. The respondents concede that on November 9, 2006 Glover filed a state post-conviction petition under Rule 32, *Alabama Rules of Criminal Procedure*, which tolled the limitation period.[3] However, the respondents maintain that even allowing tolling of the federal

---

[2] Subsection (d) was added by the Anti-Terrorism and Effective Death Penalty Act of 1996 (the "AEDPA"). This Act became effective on April 24, 1996.

[3] The Rule 32 petition establishes Glover executed the petition on November 9, 2006 and this date is therefore the earliest date on which Glover could have submitted the petition to prison officials for mailing. *Respondents' Exhibit 4 - Court Doc. No. 13-4* at 13. As previously noted, a pro se inmate's petition is deemed filed in federal cases the date it is delivered to prison officials for mailing. *Houston*, 487 U.S. at 271-272. "Alabama

limitation period during the pendency of the Rule 32 petition the limitation period expired prior to Glover filing this federal habeas petition. *Respondents' Answer - Court Doc. No. 13* at 8-9; *Moore v. Crosby*, 321 F.3d 1377, 1381 (11th Cir. 2003) (statutory tolling allowed only for the time during which a properly filed state post-conviction action is pending). It is likewise clear that the motion to withdraw guilty plea filed by Glover with the Alabama Court Criminal Appeals on September 21, 2006, had no affect on the running of the limitation period as this motion was not filed within the time prescribed by state law. *See Respondents' Exhibit 5 (Memorandum Opinion of the Alabama Court of Criminal Appeals on Appeal of Rule 32) - Court Doc. No. 13-5* at 1-2, n.1 ("[T]he motion [to withdraw guilty plea] was not timely filed because [Glover] filed it more than thirty days after he was sentenced. Therefore, we dismissed the appellant's motion to withdraw his guilty plea."); *Allen v. State*, 863 So.2d 737, 738 (Ala.Crim.App. 2003) (a motion to withdraw guilty plea, which is the "functional equivalent" of a motion for new trial, must be filed within 30 days of sentencing); *Pace v. DiGuglielmo*, 544 U.S. 408, 417, 125 S.Ct. 1807, 1814 (2005) ("For purposes of determining what are 'filing' conditions, there is an obvious distinction between time limits, which go to the very initiation of a petition and

---

courts have [adopted the mailbox rule and] held that a pro se incarcerated petitioner/appellant is considered to have 'filed' a Rule 32 petition, a notice of appeal, or a petition for a writ of certiorari when those documents are given to prison officials for mailing." *Ex parte Allen*, 825 So.2d 271, 272 (Ala. 2002); *Holland v. State*, 621 So.2d 373, 375 (Ala.Crim.App. 1993) ("[A] pro se incarcerated petitioner 'files' a Rule 32 petition when he hands the petition over to prison authorities for mailing."). Consequently, the prison mailbox rule applies to pro se Rule 32 petitions filed in the state courts of Alabama and November 9, 2006, is therefore the appropriate date of filing for Glover's Rule 32 petition.

a court's ability to consider that petition, and the type of 'rule of decision' procedural bars at issue in *Artuz [v. Bennett*, 531 U.S. 4, 121 S.Ct. 361, 148 L.Ed.2d 213 (2000)], which go to the ability to obtain relief.... [I]t must be the case that a petition that cannot even be initiated or considered due to the failure to include a timely claim is not 'properly filed.'... For these reasons, we hold that time limits, no matter their form, are 'filing' conditions. [A state post-conviction motion which is] untimely, ... was not 'properly filed,' and [petitioner is not entitled to statutory tolling of the limitation period] under § 2244(d)(2)."); *Allen v. Siebert*, 552 U.S. 3, 128 S.Ct. 7, 4 (2007) ("When a postconviction petition [or motion] is untimely under state law, 'that [is] the end of the matter' for purposes of [statutory tolling of the limitation period under] § 2244(d)(2)."); *Sweet v. Secretary, Department of Corrections*, 467 F.3d 1311, 1317 (11th Cir. 2006) (An untimely collateral motion "was not 'properly filed' under § 2244(d), and it could not toll the federal one-year period of limitation."). Hence, the respondents maintain Glover failed to file the instant § 2254 petition prior to expiration of the one-year period of limitation.

Based on the foregoing, the court entered an order advising Glover he failed to file his federal habeas petition within the one-year limitation period established by 28 U.S.C. § 2241(d)(1). *Order of September 14, 2009 - Court Doc. No. 14*. This order also provided Glover an opportunity to show cause why his habeas petition should not be barred from review by this court as untimely filed. *Id*. at 5-6. In response to this order, Glover

maintains that his lack of legal knowledge required that he rely on the assistance of more knowledgeable inmates which required time to obtain, and these circumstances justify equitable tolling of the limitation period. *Petitioner's November 30, 2009 Response - Court Doc. No. 21* at 1-3.

Upon review of the pleadings filed by the parties, the undisputed state court record and applicable federal law, the court determines no evidentiary hearing is required, Rule 8(a), *Rules Governing Section 2254 Cases in United States District Courts*, and concludes the present habeas petition is due to be denied as Glover failed to file the petition within the applicable one-year period of limitation.

## II. DISCUSSION

### A. The Federal Period of Limitation

The Anti-Terrorism and Effective Death Penalty Act of 1996 became effective on April 24, 1996 and amended the habeas corpus statute to include a one-year period of limitation on petitions filed pursuant to 28 U.S.C. § 2254. This limitation period is codified at 28 U.S.C. § 2244(d) and provides that:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws

>> of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The statute clearly directs that the limitation period for filing a 28 U.S.C. § 2254 petition begins to run at the conclusion of direct review or upon expiration of the time for seeking direct review, whichever is later. Where a petitioner preserves his right to file a petition for writ of certiorari in the United States Supreme Court, the statute of limitations is tolled during the ninety-day period in which such action may be undertaken. *Coates v. Byrd*, 211 F.3d 1225 (11th Cir. 2000) ("A judgment does not become 'final by the conclusion of direct review or by the expiration of the time for seeking such review,' *see* 28 U.S.C. § 2244(d)(1)(A), until the Supreme Court has had an opportunity to review the case or the time for seeking review has expired."). Accordingly, a state court judgment of conviction becomes final under 28 U.S.C. § 2244 when the Supreme Court denies certiorari or the time to apply for certiorari expires. *Id.*

On August 15, 2006, Glover entered a guilty plea before the Circuit Court of

Houston County, Alabama to third degree robbery and the trial court immediately imposed sentence for this conviction. Glover attempted to file a direct appeal of his conviction and sentence. Upon receipt of the notice of appeal, the Alabama Court of Criminal Appeals issued an order "allowing [Glover] 14 days to certify ... the specific issues that were reserved for appellate review before the plea of guilt was entered and/or to file a copy of any timely-filed motion to withdraw the guilty plea or motion for new trial." *Respondents' Exhibit 2 - Court Doc. No. 13-2*. The appellate court "placed [Glover] on notice that his/her failure to comply within the allotted time would result in this appeal being dismissed" in accordance with state law. *Id*. Glover failed to file a response in compliance with the directives set forth in the order issued by the Alabama Court of Criminal Appeals. Based on Glover's failure to file the requisite response, the state appellate court on September 19, 2006 entered an order dismissing the appeal, *id*., and issued a certificate of judgment. *Respondents' Exhibit 3 - Court Doc. No. 13-3*.

     Glover undertook no further action regarding appeal of his third degree robbery conviction. Since Glover failed to file an application for rehearing and/or seek relief from the Alabama Supreme Court, he could not petition the United States Supreme Court for review of the third degree robbery conviction and the time for seeking review of this conviction therefore lapsed upon expiration of the time for filing an application for rehearing with the Alabama Court of Criminal Appeals -- fourteen (14) days from issuance

of the order dismissing his appeal. Rule 40(c), *Alabama Rules of Appellate Procedure*; *see Coates v. Byrd*, 211 F.3d 1225 (11th Cir. 2000), *cert. denied*, 531 U.S. 1166, 121 S.Ct. 1129 (2001); *see also* Rule 13.1, *Rules of the United States Supreme Court* (a petition for writ of certiorari may only be filed to review a judgment or order entered by a state court of last resort and must be filed within ninety (90) days of the action undertaken by such state court); *Jackson v. Secretary for the Dept. of Corrections*, 292 F.3d 1347, 1348-1349 (11th Cir. 2002). Thus, Glover's conviction for third degree robbery became final, at the latest, on October 3, 2006 -- fourteen days after entry of the order of dismissal by the Alabama Court of Criminal Appeals on September 19, 2006. The one-year period of limitation contained in 28 U.S.C. § 2244(d)(1)(A) therefore began to run on October 4, 2006.[4]

## B. Equitable Tolling

Case law directs the limitation period "may be equitably tolled" on grounds apart from those specified in the habeas statute "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999); *see also Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000); *Knight v. Schofield,* 292 F.3d 709, 711 (11th Cir. 2002). "Equitable tolling will not be available in most cases, as extensions of time will only be granted if 'extraordinary circumstances' beyond a prisoner's control make it

---

[4] In computing the federal period of limitation, "exclude the day of the event that triggers the period[.]" Rule 6(a)(1)(A), *Federal Rules of Civil Procedure*.

8

impossible to file a petition on time." *Calderon v. United States District Court,* 128 F.3d 1283, 1288 (9th Cir.1997). Such tolling applies only in truly extraordinary circumstances. *Jones v. United States*, 304 F.3d 1035, 1039-1040 (11th Cir. 2002); *Drew v. Department of Corrections*, 297 F.3d 1278, 1286 (11th Cir. 2002). "The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner." *Drew*, 297 F.3d at 1286; *see Helton v. Secretary for the Dept. of Corrections*, 259 F.3d 1310, 1313-1314 (11th Cir. 2001), *cert. denied*, 535 U.S. 1080, 122 S.Ct. 1965, 152 L.Ed.2d 1025 (2002).

Glover argues that equitable tolling is justified because he has limited knowledge of the law and, after loss of the services of the inmate initially assisting him with his habeas petition "it took several weeks to locate another inmate having sufficient legal knowledge and skill," to continue preparation of his habeas petition. *Petitioner's November 30, 2009 Response - Court Doc. No. 21* at 2. The law is well settled that an inmate's lack of legal knowledge, his failure to understand legal principles and/or the inability to recognize potential claims for relief at an earlier juncture do not constitute extraordinary circumstances sufficient to warrant equitable tolling of the limitation period. *United States v. Sosa,* 364 F.3d 507, 512 (4th Cir. 2004) (*pro se* status and ignorance of the law do not justify equitable tolling); *Kreutzer v. Bowersox,* 231 F.3d 460, 463 (8th Cir. 2000), *cert. denied*, 534 U.S. 863, 122 S.Ct. 145, 151 L.Ed.2d 97 (2001) (lack of legal knowledge or legal resources, even in a case involving a *pro se* inmate, does not warrant equitable

tolling); *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000), *cert. denied*, 531 U.S. 1194, 121 S.Ct. 1195, 149 L.Ed.2d 110 (2001) (petitioner's *pro se* status and ignorance of the law are insufficient to support equitable tolling of the statute of limitations); *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 1999), *cert. denied*, 531 U.S. 1035, 121 S.Ct. 622, 148 L.Ed.2d 532 (2000) (ignorance of the law and *pro se* status do not constitute "rare and exceptional" circumstances justifying equitable tolling); *Smith v. McGinnis*, 208 F.3d 13, 17 (2nd Cir.), *cert. denied*, 531 U.S. 840, 121 S.Ct. 104, 148 L.Ed.2d 63 (2000) (petitioner's *pro se* status throughout majority of limitation period does not merit equitable tolling); *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir.), *cert. denied*, 528 U.S. 1007, 120 S.Ct. 504, 145 L.Ed.2d 389 (1999) (unfamiliarity with the legal process during the applicable filing period did not merit equitable tolling); *Wakefield v. Railroad Retirement Board*, 131 F.3d 967, 969 (11th Cir. 1997) (ignorance of the law "is not a factor that can warrant equitable tolling.").

    To the extent that Glover asserts his lack of knowledgeable inmate assistance as a basis for equitable tolling, this assertion fails to justify such tolling. A petitioner has no right to legal assistance in a habeas action and, thus, neither his perceived need to rely nor actual reliance on the assistance of an inmate clerk establishes extraordinary circumstances necessary to excuse the untimely filing of a petition. *See Whiddon v. Dugger*, 894 F.2d 1266, 1267 (11th Cir.), *cert. denied*, 498 U.S. 834 (1990) (poor advice from inmate law

clerks during collateral proceedings will not establish petitioner's claim of cause for a procedural default as there is no right to legal counsel in such proceedings); *Marsh*, 223 F.3d at 1220 ("The fact that an inmate law clerk was assisting in drafting [pleadings] does not relieve [petitioner] from the personal responsibility of complying with the law.").

### C.  Statutory Tolling

Title 28 U.S.C. § 2244(d)(2) provides "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section." The limitation period began to run on October 4, 2006, and ran for 36 days until Glover filed a Rule 32 petition in the Circuit Court of Houston County, Alabama on November 9, 2006. This state collateral action tolled the running of the federal limitation period from its inception until finality of judgment upon issuance of the certificate of judgment by the Alabama Court of Criminal Appeals on June 27, 2007. *Respondents' Exhibit 7 - Court Doc. No. 13-7*. At this time, Glover had 329 days remaining within which to timely file a federal habeas petition with this court. As previously determined, *infra* at 8-11, Glover is not entitled to equitable tolling of the limitation period. Consequently, the requisite federal period of limitation began to run again on June 28, 2007, and ran without interruption from either equitable or statutory tolling until its expiration on May 21, 2008.

## D.  Expiration of the Limitation Period

Under the circumstances of this case, the one-year period of limitation contained in 28 U.S.C. § 2244(d)(1) expired on May 21, 2008.  Glover filed the instant petition for federal habeas relief in July of 2009, over a year after expiration of the federal limitation period.  Glover has failed to demonstrate that this federal habeas petition should not be dismissed as untimely filed.

## III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  The petition for habeas relief filed by Samuel Rashad Glover be denied as it was not filed within the one-year period of limitation mandated by 28 U.S.C. § 2244(d)(1).

2.  This case be dismissed with prejudice.

It is further

ORDERED that on or before September 28, 2011, the parties may file objections to the Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the

Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, en banc*)*, adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 14th day of September, 2011.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE